UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARRISON OSTER, <br> Plaintiff, <br> v. <br> CITY OF CAPITOLA, et al., <br> Defendants. | Case No. 21-cv-03562-SI <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br> Re: Dkt. No. 10 |

On July 9, 2021, defendants City of Capitola, Police Chief Terry McManus, and officers Samuel Estrada, Alberto Gonzalez, and Steven Anderson (collectively "defendants") moved to dismiss Anthony Oster's complaint. Dkt. No. 10. The Court previously determined the motion was appropriate for determination without oral argument, in accordance with Local Rule 7-1(b). For the reasons set forth below, the motion is GRANTED. The amended complaint shall be filed on or before September 17, 2021.

## BACKGROUND

**I.   Allegations re the May 9, 2020 Incident**

Mr. Oster's complaint arises from a May 9, 2020 incident with the Capitola police. Dkt. No. 2 at 15. Mr. Oster alleges he was riding his bicycle in the bike lane going eastbound on Capitola Road shortly after midnight. *Id* at 15. Allegedly, Officer Estrada noticed plaintiff's bicycle did not have a rear red light or reflector and initiated the traffic stop. *Id*.

There were no outstanding warrants for Mr. Oster and Mr. Oster did not have any weapons on his person. *Id*. at 18. Mr. Oster admits he was annoyed and rude to the officers when he was stopped, but alleges he never threatened them. *Id* at 19. When Mr. Oster turned to leave, the

complaint alleges Officer Estrada put his hand on Mr. Oster's shoulder while Officer Gonzalez "violently and without warning" took Mr. Oster to the ground and broke his left leg. *Id*. at 18. The complaint alleges the officers initiated force without any verbal warning and, during the use of force, the officers repeatedly yelled "stop resisting" even though Mr. Oster never resisted. *Id*. at 22.

Mr. Oster was transported to Dominican Hospital in Santa Cruz, CA, where doctors imaged Mr. Oster's left leg and determined his injuries were severe enough to require surgery. *Id* at 20. Mr. Oster was then transported to Natividad Hospital Emergency Department in Salinas, CA, where he underwent surgery to address the multiple fractures to his left leg – but the complaint is silent on when this occurred. *Id.* at 20.

After the incident, Mr. Oster alleges the police officer defendants wrote inaccurate and misleading police reports and omitted exculpatory evidence with respect to Mr. Oster. *Id* at 26.

The complaint alleges, again without providing dates, that Mr. Oster was at some point arrested and criminally cited for resisting/delaying peace officers during the scope of their duties. *Id*. at 21. The Santa Cruz County District Attorney's Office prosecuted Mr. Oster, allegedly, based on the misstatements and inaccuracies in the defendant officers' police reports. *Id* at 28. All charges against Mr. Oster were ultimately dropped. *Id*. at 29.

The Capitola Chief of Police, Terry McManus allegedly conducted an internal investigation into the officers' use of force against Mr. Oster and exonerated them. *Id* at 21.

Plaintiff filed suit in this Court on May 12, 2021, alleging nine causes of action for: (1) 4th Amendment Violation – Excessive Force; (2) 4th Amendment Violation – Search & Seizure; (3) 4th Amendment Violation – Malicious Prosecution; (4) Assault; (5) Battery; (6) False Arrest; (7) Intentional Infliction of Emotional Distress; (8) Negligent Infliction of Emotional Distress; (9) Violation of California's Bane Act.

**II.     Allegations re Custom, Practice & Policy**

The complaint also alleges the City of Capitola and Police Chief Terry McManus embrace customs, practices, and policies that encourage and/or condone unconstitutional practices, including:

a. To use, tolerate, or instruct the use of excessive and/or unjustified force;

b. To engage in or tolerate unreasonable seizures and restraints;

c. To engage in or tolerate the improper and dangerous use of police dogs;

d. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning stops, arrests, and the use of force;

e. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling mentally ill and/or emotionally disturbed people;

f. To hide or cover up violations of constitutional rights by any of the following:

i. By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill and/or emotionally disturbed people;

ii. By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity;

iii. By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false reports; make false statements; collude in report writing; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

g. To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and police department personnel, whereby an officer or member of the police department does not provide adverse information against a fellow officer or member of the department; and

h. Defendants CITY OF CAPITOLA and chief TERRY MCMANUS failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officers involved herein, with deliberate indifference to Plaintiff's constitutional rights.

*Id* at 35. The complaint further alleges the City of Capitola and Police Chief McManus inadequately and improperly investigate claims of excessive force and does not monitor or track the number of times his officers are accused of doing so. *Id* at 36-38.

## DISCUSSION

Defendants move to dismiss all of plaintiff's claims, but only with respect to the City of Capitola, Police Chief McManus, and Steven Anderson. *See generally* Dkt. No. 10 (Motion to Dismiss). It is implicit is defendants' motion that the complaint adequately pleads causes of action against officers Gonzalez and Estrada. Defendants correctly point out that for many of plaintiff's

claims, plaintiff fails to specify which defendants the claim is asserted against and fails to state facts for each defendant. Dkt. No. 10 at 16. Indeed, plaintiff admits as much:

> Upon review of Defendants' Motion, Plaintiff concedes he made a serious, unintentional error in drafting his Complaint. For each of the nine counts within Plaintiff's Complaint, Plaintiff neglected to specify with each count which Defendant or Defendants to whom that count applies. Plaintiff asks the Court for leave to amend accordingly…

Dkt. No. 11 at 5 (Opposition).

Further, while the complaint seems to allege all causes of action against all the officer defendants, the complaint primarily contains facts with respect to officer Gonzalez. The complaint is sparse at best with respect to Officer Estrada's conduct and silent with respect to Officer Anderson's conduct. The complaint does not allege Officer Anderson ever touched or said anything to plaintiff. To survive a motion to dismiss, plaintiff must make clear which causes of action are asserted against which defendants with necessary allegations in support thereof.

Finally, the complaint is deficient as to plaintiff's *Monell* claims, which are confusingly included within the various causes of action. Local government entities are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690; however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. 658 at 691 (1978). Thus, a public entity "cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691.

To establish an official policy that would give rise to *Monell* liability, a plaintiff must allege facts to support one of the following to survive dismissal of its claim: (1) an unconstitutional custom or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to train or failure to have a needed policy; or (3) a final policymaker's involvement in, or ratification of, the conduct underlying the violation of rights. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities), overruled on other grounds by *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Here, plaintiff's *Monell* claims suffer from several issues. First, all the *Monell* allegations go to Police Chief McManus and fail to create a nexus between him and the defendant City of

4

1   Capitola.  Second, many of the *Monell* claims are conclusory and wholly unsupported by allegations.
2   For example, plaintiff alleges a pattern/practice/custom of "engag[ing] in or tolerat[ing] the
3   improper and dangerous use of police dogs."  Dkt. No. 2 at 35.  However, the facts of the complaint
4   do not so much as mention police dogs.  Another example: plaintiff alleges the Capitola Police fail
5   "to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force,
6   unlawful seizures, and/or handling of mentally ill and/or emotionally disturbed people."  Dkt. No.
7   2 at 35.  But the complaint does not allege plaintiff was mentally ill or emotionally disturbed at the
8   time of the incident (or indeed at any time).  Pleading *Monell* liability requires facts showing a causal
9   link between the alleged policy and plaintiff's injury.  *See Monell*, 436 U.S. at 690-92.  It is
10  axiomatic that plaintiff may only plead alleged policies, practices, and customs he has standing to
11  bring.

12       For the reasons stated above, defendant's motion to dismiss is GRANTED.  Plaintiff shall
13  file an amended complaint on or before September 17, 2021.

15  **IT IS SO ORDERED**.

16  Dated: August 25, 2021

    _____
    SUSAN ILLSTON
    United States District Judge

5