UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARRISON OSTER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAPITOLA, et al.,<br><br>Defendants. | Case No. 21-cv-03562-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Defendants City of Capitola (the City), Police Chief Terry McManus, and officers Samuel Estrada, Alberto Gonzalez, and Steven Anderson (collectively "defendants") move to dismiss Anthony Oster's first amended complaint ("FAC," Dkt. No. 18). Dkt. No. 20 (MTD). Pursuant to Civil Local Rule 7-1(b), the Court found the matter appropriate for resolution without oral argument and VACATED the December 3, 2021 hearing. For the reasons discussed -below, defendants' motion is GRANTED in part and DENIED in part.

**BACKGROUND**

On September 17, 2020, plaintiff filed the FAC alleging nine causes of action, namely: (1) 42 U.S.C. § 1983 (Excessive Force); (2) 42 U.S.C. § 1983 (Unlawful Search & Seizure); (3) 4th Amendment, malicious prosecution; (4) Assault; (5) Battery; (6) False Arrest & False Imprisonment; (7) Intentional Infliction of Emotional Distress ("IIED"); (8) Negligent Infliction of Emotional Distress ("NIED"); and (9) Violation of the California Civil Code § 52.1 (California's

Bane Act). FAC at ¶¶ 45-120. Defendants now move to dismiss plaintiff's amended complaint arguing claims 1-3 and 6-8 fail as to all defendants and claims 4-5 and 9 fail as to Officer Anderson, Chief McManus, and the City. *See generally* Dkt. No. 20 (MTD)

### A. Allegations re the May 9, 2020 Incident

Mr. Oster's complaint arises from a May 9, 2020 encounter with the Capitola police ("the Incident"). FAC at ¶ 15. Mr. Oster alleges he was riding his bicycle in the bike lane eastbound on Capitola Road shortly after midnight. *Id.* The FAC alleges Officer Estrada noticed Mr. Oster's bicycle did not have a rear red light or reflector and initiated a traffic stop. *Id*. Mr. Oster did not have any weapons on his person nor any outstanding warrants. *Id*. at ¶ 18. Mr. Oster admits he was annoyed and rude to the officers, but alleges he never threatened them. *Id.* at ¶ 19. Mr. Oster admits he summarily decided to leave and moved towards his bicycle. *Id.* The FAC alleges, when Mr. Oster turned to leave, Officer Estrada put his hand on Mr. Oster's shoulder while Officer Gonzalez "violently and without warning" took Mr. Oster to the ground and broke his left leg. *Id*. The FAC alleges Officer Estrada assisted Officer Gonzalez in subduing and handcuffing Mr. Oster, while Officer Anderson failed to intervene to prevent violation of Mr. Oster's Constitutional rights. *Id*. The FAC alleges the officers initiated force without any verbal warning and during the use of force, repeatedly yelled "stop resisting" even though Mr. Oster never resisted. *Id*. at ¶ 22.

Mr. Oster was transported to a hospital where doctors imaged his left leg and determined he had multiple severe fractures requiring immediate surgery. *Id.* at ¶ 20. Mr. Oster alleges he suffered extreme physical pain and mental suffering due to the Incident and surgery. *Id*. The FAC alleges after the Incident, the officers wrote inaccurate and misleading police reports and omitted exculpatory evidence. *Id.* at ¶ 26. The FAC alleges Capitola Chief of Police, defendant Chief McManus, allegedly conducted an internal investigation into the officers' use of force against Mr. Oster and exonerated them, ratifying the officers' conduct. *Id.* at ¶ 21. The FAC alleges Mr. Oster was arrested and criminally cited for resisting/delaying peace officers during the scope of their duties. *Id*. at ¶ 21. The FAC alleges the Santa Cruz County District Attorney's Office is currently prosecuting Mr. Oster based on the officers' inaccurate police reports. *Id*. at ¶¶ 28-29.

### B.     Allegations re Custom, Practice & Policy

The FAC alleges the City and defendant Chief McManus embrace customs, practices, and policies that encourage and/or condone unconstitutional practices, including:

a. To use, tolerate, or instruct the use of excessive and/or unjustified force;

b. To engage in or tolerate unreasonable seizures and restraints;

c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning stops, arrests, and the use of force;

e. To hide or cover up violations of constitutional rights by any of the following:

i. By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

iii. By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false reports; make false statements; collude in report writing; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information.

g. To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and police department personnel, whereby an officer or member of the police department does not provide adverse information against a fellow officer or member of the department; and

h. Defendants CITY OF CAPITOLA and chief TERRY MCMANUS failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officers involved herein, with deliberate indifference to Mr. OSTER'S constitutional rights.

*Id.* at ¶ 35. The FAC further alleges the City and defendant Chief McManus inadequately and improperly investigate claims of excessive force and do not monitor or track the number of times officers are accused of doing so. *Id.* at 36-38.

### LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," – failure to do so requires dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. Cty of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

**DISCUSSION**

**I.    Federal Causes of Action**

    **A.    Excessive Force Claims (First Cause of Action)**

Mr. Oster's excessive force claim is properly plead against Officers Estrada and Gonzalez but fails with respect to Officer Anderson. Mr. Oster does not allege Officer Anderson ever touched him, rather, he alleges excessive force for Officer Anderson failing to *intervene* in the alleged assault. FAC at ¶¶ 18-19; Dkt. No. 24 at 13. (Opp.). Defendants allege the duty to intervene does not attach unless the officer had a "realistic opportunity" to intervene which the FAC does not allege, especially since the FAC alleges Officers Estrada and Gonzalez acted "without warning." Dkt. No. 20 at 14-15 (MTD); FAC at ¶ 18. The Court agrees with defendants and therefore GRANTS the motion to dismiss the excessive force claim with respect to Officer Anderson.

The Court also finds Mr. Oster has adequately plead a *Monell* claim for excessive force having alleged the facts detailed above, including the allegation that

> despite numerous complaints that CITY OF CAPITOLA Police Officers were using excessive force upon citizens, CHIEF TERRY MCMANUS has not properly investigated or disciplined officers based upon a citizen's complaint of excessive

4

force. This custom, practice, and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by officers employed by the CITY OF CAPITOLA and under CHIEF TERRY MCMANUS' command, as evidenced by the injuries inflicted upon Mr. OSTER.

Dkt. No. 18 ¶ 37. The motion to dismiss is therefore **DENIED** as to the first cause of action's *Monell* allegations.

With respect to Chief McManus, Section 1983 claims "against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1031 (9th Cir. 2002), *citing Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, plaintiff's claim against Chief McManus in his official capacity, is subsumed by Plaintiff's cause of action under Section 1983 against the City of Capitola, the governmental employer.

Further, neither the Supreme Court nor the Ninth Circuit has held "an official's post-incident ratification of or acquiescence to a claimed constitutional violation is alone sufficient for individual liability under § 1983." *Hunt v. Davis*, 749 F. App'x 522, 525-26 (9th Cir. 2018) (reversing the district court, finding the district court erred when it held that a plaintiff stated a claim against a sheriff on the basis of post-incident ratification).

Accordingly, the Motion to Dismiss the first cause of action is also **GRANTED** as to Chief McManus as an individual and in his official capacity.

### B.  Unlawful Search & Seizure (Second Cause of Action)

Defendants allege Mr. Oster's arrest was supported by probable cause and lawful, therefore, the unlawful search and seizure claim should be dismissed as to all defendants. Dkt. No. 20 at 25 (MTD). With respect to Officer Anderson specifically, defendants argue his mere presence during the Incident is insufficient to state a claim. Dkt. No. 25 at 17. (Reply).

Mr. Oster argues the defendant officers "acted in concert with one another" in violating plaintiff's rights. Dkt. No. 24 at 19. (Opp.) The FAC further alleges defendants' actions were the result of policies and/or customs embraced by defendant Chief McManus and/or Does 1 to 20 who inadequately trained the defendant officers. FAC at ¶¶ 56-65.

The Fourth Amendment permits brief investigative stops when a law enforcement officer

1  has "a particularized and objective basis for suspecting the particular person stopped of **criminal**
2  **activity**." *Navarette v. California*, 572 U.S. 393, 396–97 (2014) (quoting *United States v.*
3  *Cortez,* 449 U.S. 411, 417–418 (1981)) (emphasis added); see also *Terry v. Ohio,* 392 U.S. 1, 21–
4  22 (1968). Here, Mr. Oster was stopped for a traffic infraction, not a crime of violence. *People v.*
5  *Miranda,* 17 Cal.App.4th 917, 927 (1993); see *In re H.H.*, 174 Cal. App. 4th 653, 660 (2009). When
6  making a traffic stop, an officer's conduct must be objectively reasonable and justified by the
7  specific facts and circumstances confronting the officer. *People v. Miranda*, 17 Cal. App. 4th 917,
8  928 (1993); see *In re H.H.*, 174 Cal. App. 4th 653, 660 (1st Dist. 2009) (finding although an officer
9  had a reasonable suspicion sufficient to justify the stop of a bicyclist late at night without a light in
10 violation of Cal. Veh. Code § 21201, the officer did *not* have a reasonable suspicion to justify a pat-
11 down search.).

12 The FAC alleges the officers' conduct was patently unreasonable and the Court finds, at this
13 early stage of litigation, the issue of whether probable cause existed when Mr. Oster was detained,
14 searched, and seized involves issues of fact better resolved on summary judgment or at trial.
15 Therefore, the Court **DENIES** the motion to dismiss the unlawful search and seizure claim as to all
16 defendants except Chief McManus, for which the motion is **GRANTED**, for the same reasons
17 discussed in section I above.

18 The Court also finds Mr. Oster has adequately plead a *Monell* claim for unlawful search and
19 seizure based on the listed alleged facts above, including the allegation that:

> The actions of the Defendants, and each of them, were the result of policies and/or customs by CHIEF TERRY MCMANUS, and/or Does 1 to 20, whose inadequacy in training the defendant officers with respect to the performance of their duties, including, but not limited to, searches, seizures, use of force, arrests, and detentions, constituted a deliberate indifference to citizens' Constitutional rights leading to excessive force assaults such as the one Mr. OSTER endured.

Dkt. No. 18 at ¶ 60. The motion to dismiss is thus also **DENIED** as to the second cause of action's *Monell* allegations.

### C. Malicious Prosecution (Third Cause of Action)

Defendants argue the malicious prosecution claim fails as ongoing proceedings are not

1  cognizable as a matter of law. Dkt. No. 20 at 25-26 (MTD); Dkt. No. 25 at 17 (Reply). The FAC
2  admits Mr. Oster's prosecution is ongoing and not yet resolved. FAC at ¶ 29. In California, the first
3  element of a malicious prosecution claim is: the prosecution was initiated by or at the direction of
4  the defendant ***and was pursued to a legal termination in plaintiff's favor***. *Conrad v. United*
5  *States,* 447 F.3d 760, 767 (9th Cir. 2006) (citing *Sheldon Appel Co. v. Albert & Oliker,* 765 P.2d
6  498, 501 (Cal. 1989)) (emphasis added). The Court determines, as the underlying case has not yet
7  terminated in plaintiff's favor, the malicious prosecution claim is premature. Therefore, the Court
8  **GRANTS** the motion to dismiss the malicious prosecution claim as to all defendants WITHOUT
9  prejudice to the claim being filed should the prosecution end in Mr. Oster's favor.

## II. State Law Claims

Plaintiff brings the fourth through eighth causes of action (for assault, battery, false arrest, IIED, and NIED, respectively) against "All Defendants." Defendants assert immunity as to Chief McManus and the City – which fail[1] – and argue the other claims are unsupported by facts.

---

[1] Defendants argue, pursuant to the Government Claims Act (Cal. Gov't Code § 810 et seq.), specifically § 820.8, that Chief McManus is not liable for the misconduct of others as a matter of law. Dkt. No. 20 at 20, 30 (MTD). Cal. Gov't Code § 820.8, states: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Cal. Gov't Code § 820.8. The Court finds Chief McManus, in his individual capacity, is not entitled to § 820.8 immunity for injury proximately caused by his own negligent or wrongful act or omission.

Defendants also argue under the Government Claims Act, there is no common law tort liability for public entities in California; instead, such liability must be based on statute. *Guzman v. Cty. of Monterey*, 46 Cal. 4th 887, 897 (2009). However, Cal. Gov't Code § 820.8 does not apply to the City because it is a *public entity*, not a *public employee*. *See Luttrell v. Hart*, No. 5:19-CV-07300-EJD, 2020 WL 5642613, at *6 (N.D. Cal. Sept. 22, 2020) (quoting *M.S. ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-cv-01211 JAM, 2013 WL 6199194, at *4 (E.D. Cal. Nov. 27, 2013)).

Defendants further argue, pursuant to Cal. Gov't Code § 815, there is no statutory basis for assault, battery, intentional or negligent infliction of emotional distress against the City; thus the claims against the City must fail. Dkt. No. 25 at 20, 21. However, Cal. Gov't Code § 815.2 explicitly provides for vicarious liability and § 815.2(a) states "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." *Id*.; see *Luttrell v. Hart*, No. 5:19-CV-07300-EJD, 2020 WL 5642613, at *6 (N.D. Cal. Sept. 22, 2020). Indeed, "under California law municipalities enjoy no special immunity for negligence actions [and that a municipality] is liable for the negligence of [its employees] to the same extent that [the employees] would be liable individually." *Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2016 WL 5944095, at *45–46 (N.D. Cal. Oct. 13, 2016). Therefore, the City may be held liable for causes of action pursued under the doctrine of vicarious liability whenever a

### A.     Assault and Battery (Fourth and Fifth Cause of Action)

Defendants move to dismiss the fourth count for assault and fifth count for battery only as they are asserted against Officer Anderson and Chief McManus because the FAC does not allege either defendant personally assaulted or battered plaintiff. Dkt. No. 20 at 28-29 (MTD). Under California law, the definition of assault is "[a]n unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. An assault does not require either an intent to physically injure or an actual physical injury, but only the reasonable apprehension of imminent harmful touching. *Kiseskey v. Carpenters' Trust for So. California,* 144 Cal.App.3d 222, 232 (1983); see *Keum v. Virgin Am. Inc.*, 781 F. Supp. 2d 944, 953–54 (N.D. Cal. 2011). The FAC alleged defendants acted with intent to cause a harmful or offensive contact with Mr. Oster and did cause harmful and/or offensive contact as he was "grabbed, struck, choked, wrenched, manhandled, handcuffed," resulting in a "severe leg fracture." FAC at ¶¶ 77, 85.

The Court finds the claims for assault and battery as to Officer Anderson and Chief McManus fail because Mr. Oster does not allege Officer Anderson or Chief McManus personally assaulted or battered him and therefore GRANTS the motion to dismiss claims four and five as to Officer Anderson and Chief McManus.

### B.     False Arrest & False Imprisonment (Sixth Cause of Action)

Defendants argue the sixth count for false arrest and false imprisonment fail as to Officer Anderson and Chief McManus because they had little if any involvement in Mr. Oster's arrest. Dkt. No. 20 at 29-30 (MTD). Defendants argue Mr. Oster's arrest for resisting or obstructing the officers in the performance of their duties was supported by probable cause and lawful. Dkt. No. 20 at 23 (MTD); See Section I.C. above.

Mr. Oster's false arrest and false imprisonment claims hinge on his allegation that defendants lacked probable cause to arrest him. *See Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Given the limited record before the Court, the Court finds whether or not probable cause existed at the time of Mr. Oster's arrest involves issues of fact better resolved on summary judgment.

claim survives against a defendant officer.

8

1  However, the Court finds the claims for false arrest and false imprisonment as to Chief
2  McManus fail because Mr. Oster does not allege Chief McManus personally arrested him.
3  Therefore, the Court finds plaintiff's allegations are sufficient to sustain his claim and
4  therefore **DENIES** the motion to dismiss the false arrest and false imprisonment claims as to
5  defendant Officers Estrada, Gonzalez, Anderson, and the City, and **GRANTS** the motion to dismiss
6  plaintiff's claim as to Chief McManus.

### C. Intentional Infliction of Emotional Distress (Seventh Cause of Action)

Defendants argue the FAC fails to show outrageous conduct by Officer Anderson or Chief McManus, and fails to identify a statutory basis for an IIED claim against the City. Dkt. No. 20 at 30 (MTD). To state a valid claim for IIED a plaintiff must show "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Pardi v. Kaiser Permanente Hosp., Inc.,* 389 F.3d 840, 852 (9th Cir.2004) (quoting *Cervantez v. J.C. Penney Co.,* 24 Cal.3d 579 (Cal. 1979)); *Slider v. Cty of Oakland*, No. C 08-4847 SI, 2010 WL 2867807, at *9 (N.D. Cal. July 19, 2010). Conduct is found extreme or outrageous if it is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Cochran v. Cochran,* 65 Cal.App.4th 488, 545).

The FAC alleges "the conduct of the Defendants, and each of them, was intentional, outrageous, malicious, and done with ill will and with the intent to cause [Mr. Oster] to suffer humiliating mental anguish, as well as emotional and physical distress." FAC at ¶¶ 100-105.

"[A]bsent an intent to injure … inaction is not the kind of 'extreme and outrageous conduct' that gives rise to liability under the 'intentional infliction of emotional distress' tort. *Davidson v. Cty of Westminster*, 32 Cal. 3d 197, 210 (1982). Therefore, the Court finds plaintiff's allegations are not sufficient to sustain his claim as to Officer Anderson. The Court finds the claim for IIED also fails as to Chief McManus because Mr. Oster does not allege Chief McManus personally

1  intended to injure him or engaged in action that was the proximate causation between conduct and
2  the alleged emotional distress.

3  Accordingly, the Court finds plaintiff's allegations are sufficient to sustain his claim as to Officers Estrada, Gonzalez, and the City, and therefore **DENIES** the motion to dismiss the IIED claim as to defendant Officers Estrada, Gonzalez, Anderson, and the City, and **GRANTS** the motion to dismiss plaintiff's claim as to defendants Officer Anderson and Chief McManus.

### D.    Negligent Infliction of Emotional Distress (Eighth Cause of Action)

Defendants argue the FAC fails to adequately allege any of the elements of NIED for Officer Anderson and Chief McManus. Dkt. No. 20 at 30-31 (MTD); Dkt. No. 25 at 21. (Reply). NIED is not an independent tort doctrine. See *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Rather, NIED "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 990 (N.D. Cal. 2014) (quotation and citation omitted).

The Court finds the claim for NIED as to Chief McManus and Officer Anderson fails because Mr. Oster does not allege they personally engaged in any action that proximately caused his emotional distress. Accordingly, the Court **GRANTS** the motion to dismiss plaintiff's claim as to defendants Officer Anderson and Chief McManus.

### CONCLUSION

1) The Court **DENIES** the motion to dismiss the first count for excessive force under §1983 as to Officers Estrada, Gonzalez, and the City, and **GRANTS** the motion to dismiss plaintiff's claim as to Chief McManus and Officer Anderson.

2) The Court **DENIES** the motion to dismiss the second count for illegal search and seizure claim as to the defendant officers and the City of Capitola and **GRANTS** the motion with respect to Chief McManus.

1    3) The Court **GRANTS** the motion to dismiss the third count for malicious prosecution as
2    to all defendants.

4    4) The Court **DENIES** the motion to dismiss the fourth and fifth counts for assault and
5    battery as to Officers Estrada, Gonzalez and the City, and **GRANTS** the motion to dismiss plaintiff's
6    claims as to Officer Anderson and Chief McManus without leave to amend.

8    5) The Court **DENIES** the motion to dismiss the sixth count for false arrest as to Officers
9    Estrada, Gonzalez, Anderson, and the City, and **GRANTS** the motion to dismiss plaintiff's claim
10   as to Chief McManus without leave to amend.

12   6) The Court **DENIES** the motion to dismiss the seventh count for intentional infliction of
13   emotional distress as to Officers Estrada, Gonzalez, and the City, and **GRANTS** the motion to
14   dismiss plaintiff's claim as to Officer Anderson and Chief McManus without leave to amend.

16   7) The Court **DENIES** the motion to dismiss the eighth count for negligent infliction of
17   emotional distress as to Officers Estrada and Gonzalez and the City, and **GRANTS** the motion to
18   dismiss plaintiff's claim as to Officer Anderson and Chief McManus without leave to amend.

20   8) The Court **DENIES**[2] the motion to dismiss the ninth count for violation of the Bane Act

---

[2] Defendants argue the City is immune from liability because the Bane Act does not provide a basis for a direct liability claim. Dkt. No. 25 at 21-22. Plaintiff's opposition clarifies Mr. Oster is not seeking a direct Bane Act claim against the City, but rather to hold the City vicariously liable for injuries proximately caused by its employees. Dkt. No. 24 at 24 (Opp.). Under California law, public entities are liable for injuries proximately caused by their employees' actions within the scope of employment, but public entities are immune from liability to the extent their employees are immune from liability. *Gant v. Cty. of Los Angeles*, 772 F.3d 608, 623 (9th Cir. 2014); Cal. Gov't Code § 815.2; see *Pierce v. Cty. of Marin*, 291 F. Supp. 3d 982, 998 (N.D. Cal. 2018).

Mr. Oster alleged he was deprived of his constitutional rights and City employees acted with reckless disregard and/or deliberate indifference of his rights. FAC at ¶¶ 35, 50, 54, 118. The FAC alleges defendant Chief McManus conducted an internal investigation into the officers' use of force against Mr. Oster and exonerated them, thus ratifying the officers' conduct. *Id.* at ¶ 21. As discussed above, (1) the City is not entitled to Cal. Gov't Code § 820.8 immunity, (2) defendant Chief McManus, in his individual capacity, is not entitled to Cal. Gov't Code § 820.8 immunity for

as to all defendants.

**IT IS SO ORDERED**.

Dated: January 11, 2022

_____
SUSAN ILLSTON
United States District Judge

---

liability for injury proximately caused by his own negligent or wrongful act or omission, and (3) the Court finds Mr. Oster's allegations are sufficient to sustain his excessive force and unlawful search and seizure claims.